UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SCHAEFER,<br><br>                                    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>DONALD JOHN TRUMP,<br><br>                                  Defendants. | Case No.:  23-CV-1451 JLS (BLM)<br><br>**ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>(ECF Nos. 1, 3) |

Presently before the Court is Plaintiff Mike Schaefer's Complaint for Declaratory Relief ("Compl.," ECF No. 1) and *Ex Parte* Motion for Order RE: Summons ("Mot.," ECF No. 3).  Plaintiff, proceeding pro se, seeks a declaratory judgment stating that Defendant Donald John Trump is "ineligible to be a candidate for his former office or any federal office," pursuant to Section Three of the Fourteenth Amendment.  Compl. at 2, 4.  In his *Ex Parte* Motion, Plaintiff asks the Court for an order directing the Sherrif of Palm Beach County, Florida, to serve Defendant with process.  Mot. at 2.  Because the Court must first resolve the question of Plaintiff's constitutional standing, the Court declines to rule on the Motion at this time.

/ / /

/ / /

**DISCUSSION**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As Article III standing is a "jurisdictional prerequisite to the consideration of any federal claim," *Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253, 1255 (9th Cir. 2008) (citation omitted), the Court cannot consider Plaintiff's claim unless he establishes standing.  Nor can the Court postpone consideration of the issue.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party.").

To demonstrate that he has standing to sue under Article III, Plaintiff must prove three elements: "injury-in-fact, causation, and redressability." *Gerlinger*, 526 F.3d at 1255 (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).  To satisfy the first element, Plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted).  To be "particularized," the asserted injury "must affect [P]laintiff in a personal and individual way." *Id.* at 560 n.1.

The Complaint fails to allege facts sufficient to establish injury-in-fact, let alone causation or redressability.  Plaintiff, "act[ing] as an individual voter," claims he has standing "to demand that his 2024 [presidential] ballot contain only candidates eligible to serve if elected."  Compl. at 2.  But a plaintiff "raising only a generally available grievance about government," "claiming only harm to his and every citizen's interest in proper application" of federal law, and "seeking relief that no more directly and tangibly benefits him that it does the public at large" does not have Article III standing. *Lujan*, 504 U.S. at 573–74.

Indeed, courts have consistently rejected the argument Plaintiff makes here. *See, e.g., Booth v. Cruz*, No. 15-CV-518, 2016 WL 403153, at *2 (D.N.H. Jan. 20, 2016), *report and recommendation adopted*, 2016 WL 409698 (D.N.H. Feb. 2, 2016) ("[A]n individual

voter challenging the eligibility of a candidate for President lacks standing to assert a claim based on the general interests of the voting public." (citation omitted)); *Const. Ass'n Inc. by Rombach v. Harris*, No. 20-CV-2379, 2021 WL 4442870, at *2 (S.D. Cal. Sept. 28, 2021), *aff'd*, No. 21-56287, 2023 WL 418639 (9th Cir. Jan. 26, 2023) (finding that plaintiffs challenging Vice President Harris's candidacy failed to "adequately allege Article III standing"); *Fischer v. Cruz*, No. 16-CV-1224, 2016 WL 1383493, at *2 (E.D.N.Y. Apr. 7, 2016) ("Plaintiff's allegation that Senator Cruz's presence on the ballot will somehow damage his rights as a voter does not constitute a sufficiently particularized injury . . . .").

**CONCLUSION**

Accordingly, the Court **ORDERS** Plaintiff **TO SHOW CAUSE** why this action should not be dismissed for lack of jurisdictional standing. Plaintiff **SHALL FILE** a response to this Order on or before October 27, 2023. As the Court has a duty to evaluate standing, regardless of whether a defendant has appeared, *see D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008), the Court reserves ruling on the issues presented in Plaintiff's *Ex Parte* Motion at this time.

**IT IS SO ORDERED.**

Dated: September 25, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge