UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SCHAEFER,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>DONALD JOHN TRUMP,<br><br>         Defendants. | Case No.: 23-CV-1451 JLS (BLM)<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF STANDING AND DENYING AS MOOT PLAINTIFF'S *EX PARTE* SUMMONS MOTION**<br><br>(ECF Nos. 1, 3, 5) |

  Presently before the Court is Plaintiff Mike Schaefer's Complaint for Declaratory Relief ("Compl.," ECF No. 1), *Ex Parte* Motion for Order RE: Summons ("Mot.," ECF No. 3), and Response to Order to Show Cause Issued 9/25/2023 ("Resp.," ECF No. 5). After considering Plaintiff's arguments and the law, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for failure to adequately establish constitutional standing.

**BACKGROUND**

  Plaintiff, proceeding *pro se*, initiated this action on August 8, 2023. *See* Compl. He seeks a declaratory judgment stating that Defendant Donald John Trump is "ineligible to be a candidate for his former office or any federal office" pursuant to Section Three of the Fourteenth Amendment. *Id.* at 2, 4. Plaintiff also asks the Court for an order directing the

1

1  Sheriff of Palm Beach County, Florida, to serve Defendant with process. Mot. at 2.

2  On September 25, 2023, this Court ordered Plaintiff to show cause why this action should not be dismissed for lack of Article III standing. *See* ECF No. 4 (the "Order") at 3. Specifically, the Court expressed doubts as to whether Plaintiff had adequately shown a "particularized" injury, as defined by the Supreme Court in *Lujan v. Defs. Of Wildlife*, 504 U.S. 555 (1992). *See id.* at 2. Noting that the Court had an obligation to assure itself of its own jurisdiction, the Court declined to rule on Plaintiff's *Ex Parte* Motion before the issue of standing was resolved. *Id.* at 1–2. Plaintiff timely filed his Response to the Order.

## LEGAL STANDARD

As the Court explained in its prior Order, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court must thus resolve doubts as to its subject matter jurisdiction before this matter can proceed. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[C]ourts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party."). In resolving these doubts, the Court construes Plaintiff's *pro se* pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). If the Court finds it lacks subject matter jurisdiction, it must dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(h)(3). Dismissals based on the absence of subject matter jurisdiction are without prejudice. *Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004).

Article III standing is a "jurisdictional prerequisite to the consideration of any federal claim." *Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253, 1255 (9th Cir. 2008) (citation omitted). The essence of the standing inquiry is to determine whether the party seeking to invoke the Court's jurisdiction has "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends." *Baker v. Carr*, 369 U.S. 186, 204 (1962).

///

///

Though "the concept of 'Art. III standing' has not been defined with complete consistency," *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475 (1982), courts uniformly recognize three "bedrock" requirements of standing as essential to federal court jurisdiction. *Raines v. Byrd*, 521 U.S. 811, 818–20 (1997). These elements are "injury-in-fact, causation, and redressability." *Gerlinger*, 526 F.3d at 1255 (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

To satisfy standing's injury-in-fact requirement, a plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted). To be "particularized," the asserted injury "must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1. Accordingly, a plaintiff "raising only a generally available grievance about government," "claiming only harm to his and every citizen's interest in proper application" of federal law, and "seeking relief that no more directly and tangibly benefits him than it does the public at large" does not have constitutional standing. *Id.* at 573–74.

"When the district court has jurisdiction over the action at the outset but the complaint inadequately alleges jurisdiction, the court may grant leave to amend the defective allegations." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 n.3 (9th Cir. 1988). "Dismissal without leave to amend is improper unless it is 'clear' that 'the complaint could not be saved by any amendment.'" *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)).

**ANALYSIS**

In the Order, the Court explained that the Complaint failed to allege facts sufficient to establish a "particularized" injury. Order at 2. Plaintiff, "act[ing] as an individual voter," contends in the Complaint that he has standing "to demand that his 2024 [presidential] ballot contain only candidates eligible to serve if elected." Compl. at 2. But,

as explained above, a plaintiff "seeking relief that no more directly and tangibly benefits him than it does the public at large" does not have Article III standing. *Lujan*, 504 U.S. at 573–74.

The Court also observed in its prior Order that other courts have consistently rejected claims like Plaintiff's due to lack of standing. *See, e.g., Booth v. Cruz*, No. 15-CV-518, 2016 WL 403153, at *2 (D.N.H. Jan. 20, 2016), *report and recommendation adopted*, 2016 WL 409698 (D.N.H. Feb. 2, 2016) ("[A]n individual voter challenging the eligibility of a candidate for President lacks standing to assert a claim based on the general interests of the voting public." (citation omitted)); *Const. Ass'n Inc. ex rel. Rombach v. Harris*, No. 20-CV-2379, 2021 WL 4442870, at *2 (S.D. Cal. Sept. 28, 2021), *aff'd*, No. 21-56287, 2023 WL 418639 (9th Cir. Jan. 26, 2023) (finding that plaintiffs challenging Vice President Harris's candidacy failed to "adequately allege Article III standing"); *Fischer v. Cruz*, No. 16-CV-1224, 2016 WL 1383493, at *2 (E.D.N.Y. Apr. 7, 2016) ("Plaintiff's allegation that Senator Cruz's presence on the ballot will somehow damage his rights as a voter does not constitute a sufficiently particularized injury . . . .").

In his Response, Plaintiff distinguishes cases in which plaintiffs sought to protect the "general interests of the *voting public*," on the ground that here, Plaintiff is concerned only "with his personal vote." Resp. at 3. Put another way, Plaintiff argues that he has standing because "he seeks only to protect himself," not "other voters." *Id.* at 2. Plaintiff is thus "entitled to demand that this Court determine if [Defendant] . . . could or could not serve" as President, he argues, because though "[o]ther voters may not question having an ineligible choice, [P]laintiff does." *Id.* at 3.

Plaintiff misunderstands standing's "particularized" injury requirement. The question is not whether Plaintiff subjectively seeks to vindicate his personal interests and convictions, but whether he asserts more than "a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Ex parte Levitt*, 302 U.S. 633, 633 (1937) ("[T]o invoke the judicial power to determine the validity of executive or legislative action . . . it is not

sufficient that [a plaintiff] has merely a general interest common to all members of the public." (citation omitted)). And, "as a voter," Plaintiff "has no greater stake in this lawsuit than any other United States citizen." *Drake v. Obama*, 664 F.3d 774, 782 (9th Cir. 2011). "The harm he alleges is therefore too generalized to confer standing." *Id.* (citing *Berg v. Obama*, 588 F.3d 234, 239 (3d Cir. 2009)).

Nor can Plaintiff establish standing by framing his injury as the possibility that he might "wast[e] his precious vote" on an ineligible candidate. Resp. at 4. Defendant Trump's "inclusion on the ballot does not affect Plaintiff's ability to vote for his preferred candidate." *Fischer*, 2016 WL 1383493, at *3; *see also Hollander v. McCain*, 566 F. Supp. 2d 63, 68 (D.N.H. 2008) ("[V]oters are empowered to address that concern on their own by voting for a different presidential candidate, whose eligibility is unimpeachable."); *Robinson v. Bowen*, 567 F. Supp. 2d 1144, 1146 (N.D. Cal. 2008) (finding plaintiff lacked standing in an eligibility challenge because "[n]either he nor general election voters" were "in any way prevented from supporting their preferred candidate").

Accordingly, the Court finds that Plaintiff has failed to adequately allege Article III standing and his Complaint must be dismissed for lack of subject matter jurisdiction. Though the Complaint fails to establish the Court's jurisdiction, the Court remains able to grant Plaintiff leave to amend because his claim arises under federal law. *See Morongo*, 858 F.2d at 1380 n.2. The Court also notes that the Complaint represents Plaintiff's first attempt at pleading his claims. And in cases resembling this one, courts have granted leave to amend though it appeared unlikely that the complaints could be saved by amendment. *See, e.g., Const. Ass'n Inc.*, 2021 WL 4442870, at *3. The Court will thus grant Plaintiff leave to amend.

## CONCLUSION

In light of the foregoing, the Court (1) **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), and (2) **DENIES AS MOOT** Plaintiff's *Ex Parte* Motion

for Order Re: Summons (ECF No. 3).  Plaintiff **MAY FILE** an amended complaint within <u>thirty (30) days</u> of the date of this Order.  Any amended complaint must cure the deficiencies noted above and be complete in itself without reference to Plaintiff's original Complaint.  *See* S.D. Cal. CivLR 15.1.  If Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final Order dismissing this action.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  October 13, 2023

Hon. Janis L. Sammartino
United States District Judge